Judge Owsley
delivered the opinion of the Court.
Vanwinkle, as assignee for Scott, sued Kennedy and Woods upon the following covenant :
“For value received of William Scott, we, or either of us, promise to pay him, against the first day of January, 1824, the just and full sum of four-hundred dollars in notes on the Bank of Tennessee, Alabama, North Carolina or Virginia; that is, if neither of the banks should fail. Given under our hands the 19th December, 1822.
Robert Kennedy, [seal.]
Andrew Woods, [seal.”]
Breach of the Covenant is alleged by Vanwinkle-in his declaration, in non-payment of the four hundred dollars in notes of either of the banks of Tennessee, Alabama, North Carolina or Virginia-.
No plea was filed by Kennedy or Woods, and on enquiry of damages, they offered to prove the value of the notes of the bank of Tennessee, when the covenant sued on became payable; but tbe evidence, was objected to by, tbe counsel for Vanwinkle, and excluded by the court.
We are at a loss to conjecture upon what principle the court was governed in rejecting the evidence, unless it was supposed that the expressions, “if neither of the banks should fail,” used in the covenant, implies an understanding in the contracting parties, that the notes to be paid,, were to be notes on specie *399 paying banks, and in value equal to gold and silver. According to-the fair import of the covenant, Kennedy and Woods, could not, we apprehend, have discharged their undertaking by the payment of jiotes on either of the banks mentioned, unless the bank whose notes might be offered in payment at the time was paying its notes in specie and if it were true, that the notes of specie paying banks were, at all times and in all places, equal in value to gold and silver, there would be great propriety in construing the covenant so as to impose an obligation upon Kennedy and Woods to pay in notes which should beat par with the current coin of the United States. But it is evident that each of those banks whose paper was payable, might at the time payment was to be made, have been discharging their notes in specie, and yet the notes of each might, in this country, have been under par., so that according to any construction of the covenant, it -was competent for Kennedy and Woods to prove' the value of the notes of either bank.
Mayes, for appellant.
The evidence ought not, therefore, to have been excluded.
The judgment musí be' reversed with cost, the cause remanded to the pourt below, and further proceedings hadj not inconsistent with this opinion.